**No. 24-11076**

# United States Court of Appeals for the Fifth Circuit

UNITED STATES OF AMERICA,

*Plaintiff-Appellee,*

v.

BRIAN CARPENTER,

*Defendant-Appellant.*

On Appeal from the United States District Court
for the Northern District of Texas (Dallas)
No. 3:19-CR-452-1 (Hon. Brantley David Starr)

## DEFENDANT-APPELLANT'S RESPONSE IN OPPOSITION TO PLAINTIFF-APPELLEE'S PETITION FOR REHEARING EN BANC

Roman Martinez
Alexander G. Siemers
LATHAM & WATKINS LLP
555 Eleventh Street, NW
Suite 1000
Washington, DC 20004
(202) 637-2200
roman.martinez@lw.com

*Counsel for Defendant-Appellant Brian Carpenter*

September 2, 2025

## CERTIFICATE OF INTERESTED PERSONS

### *United States of America v. Carpenter*, No. 24-11076

The undersigned counsel of record certifies that the following listed persons and entities as described in the fourth sentence of Fifth Circuit Rule 28.2.1 have an interest in the outcome of this case. These representations are made in order that the judges of this Court may evaluate possible disqualification or recusal:

**1.    Defendant-Appellant:**

Brian Carpenter

**2.    Plaintiff-Appellee:**

United States of America

**3.    Counsel for Defendant-Appellant:**

Roman Martinez
Alexander G. Siemers
LATHAM & WATKINS LLP
555 Eleventh Street, NW
Suite 1000
Washington, DC 20004

4.    **Counsel for Plaintiff-Appellee:**

Matthew R. Galeotti
Joshua K. Handell
Jeremy R. Sanders
Ethan T. Womble
UNITED STATES DEPARTMENT OF JUSTICE
CRIMINAL DIVISION, APPELLATE SECTION
Suite 1515
950 Pennsylvania Avenue, NW
Washington, DC 20530

Nancy E. Larson
Stephen S. Gilstrap
U.S. ATTORNEY'S OFFICE
NORTHERN DISTRICT OF TEXAS
1100 Commerce Street
Dallas, TX 75242-1699

Dated:  September 2, 2025              */s/ Roman Martinez*
                                      Roman Martinez

                                      *Attorney of Record for*
                                      *Defendant-Appellant Brian Carpenter*

# TABLE OF CONTENTS

**Page**

CERTIFICATE OF INTERESTED PERSONS ...........................................................i

TABLE OF AUTHORITIES ...................................................................................iv

INTRODUCTION ....................................................................................................1

BACKGROUND ......................................................................................................2

ARGUMENT ...........................................................................................................4

I.      The Government's Rule 52 Argument Is Waived ..........................................4

II.     The Panel's Decision Is Correct ....................................................................7

III.    Rule 40's En Banc Rehearing Standard Is Not Satisfied .............................11

        A.      The Presumed-Prejudice Rule Makes No Difference In Practice
                .........................................................................................................12

        B.      The Panel's Opinion Does Not Conflict With Relevant
                Precedent From The Supreme Court, This Court, Or Other
                Circuits ............................................................................................13

CONCLUSION ......................................................................................................17

# TABLE OF AUTHORITIES

**Page(s)**

## CASES

*Atwater v. City of Lago Vista*,
195 F.3d 242 (5th Cir. 1999) (en banc) ................................................. 6

*Crist v. Bretz*,
437 U.S. 28 (1978) .................................................................................. 8

*Greer v. United States*,
593 U.S. 503 (2021) .............................................................................. 14

*Holmes v. Reddoch*,
117 F.4th 309 (5th Cir. 2024) ............................................................... 11

*Maddux v. Officer One*,
90 F. App'x 754 (5th Cir. 2004) ........................................................... 11

*Miller v. Texas Tech University Health Sciences Center*,
421 F.3d 342 (5th Cir. 2005) ............................................................. 1, 4

*Powers v. Ohio*,
499 U.S. 400 (1991) ................................................................................ 9

*Sullivan v. Louisiana*,
508 U.S. 275 (1993) ................................................................................ 8

*United States v. Auzenne*,
30 F.4th 458 (5th Cir. 2022) ................................................................. 11

*United States v. Chon*,
713 F.3d 812 (5th Cir. 2013) .................................................................. 9

*United States v. Donato*,
99 F.3d 426 (D.C. Cir. 1996) ................................................................ 16

*United States v. Fattah*,
914 F.3d 112 (3d Cir. 2019) .................................................................. 16

*United States v. Gonzalez-Lopez*,
548 U.S. 140 (2006) ........................................................................ 7, 8, 14

iv

**Page(s)**

*United States v. Hernandez-Gonzalez*,
    405 F.3d 260 (5th Cir. 2005) ................................................................4

*United States v. Huntress*,
    956 F.2d 1309 (5th Cir. 1992) ..........................................................1, 3

*United States v. Jacquez*,
    212 F.3d 595, 2000 WL 423358 (5th Cir. 2000) ................................7

*United States v. Lerma*,
    877 F.3d 628 (5th Cir. 2017) ................................................................6

*United States v. Marcus*,
    560 U.S. 258 (2010)................................................................................7

*United States v. Olano*,
    507 U.S. 725 (1993).......................................................................*passim*

*United States v. Ozomaro*,
    44 F.4th 538 (6th Cir. 2022) ..............................................................16

*United States v. Pruett*,
    681 F.3d 232 (5th Cir. 2012) ................................................................2

*United States v. Purdy*,
    144 F.3d 241 (2d Cir. 1998) ..............................................................16

*United States v. Ramos*,
    801 F. App'x 216 (5th Cir. 2020) ......................................................12

*United States v. Rodriguez*,
    573 F.2d 330 (5th Cir. 1978) ........................................................5, 12

*United States v. Sutherland*,
    428 F.2d 1152 (5th Cir. 1970) ..............................................................6

*United States v. Webster*,
    162 F.3d 308 (5th Cir. 1998) ..............................................................15

*Weaver v. Massachusetts*,
    582 U.S. 286 (2017)...............................................7, 8, 9, 10, 14

**Page(s)**

**STATUTES**

28 U.S.C. § 1866(c) ..............................................................12

**OTHER AUTHORITIES**

5th Cir. R. 40.2.1 ...................................................................1

5th Cir. R. 41.3 ....................................................................17

Fed. R. App. P. 40(b)(2) .........................................................1

Fed. R. App. P. 40(b)(2)(D) ...................................................12

Fed. R. Crim. P. 24(c)(1) ........................................................2

Fed. R. Crim. P. 52(a) .......................................................4, 7

# INTRODUCTION

The government's petition should be denied.  The issue it presents—whether and how a Rule 24(c)(1) error should be analyzed under Rule 52(a)—was never raised below or before the panel.  Under "well established" precedent, a party "waives" an argument "for purposes of en banc consideration" in such circumstances.  *Miller v. Tex. Tech Univ. Health Scis. Ctr.*, 421 F.3d 342, 349 (5th Cir. 2005) (en banc).  The government is also wrong on the merits.  This Court's rule presuming prejudice "when a juror is discharged without factual support or for a legally irrelevant reason" is fully consistent with Rule 52(a).  *United States v. Huntress*, 956 F.2d 1309, 1312 (5th Cir. 1992).  That sort of error is properly classified as structural, and it would be impossible "for the Government to show the absence of prejudice" in any event.  *United States v. Olano*, 507 U.S. 725, 742 (1993) (Kennedy, J., concurring).

The government cannot satisfy Rule 40's "rigid standards" for en banc review. 5th Cir. R. 40.2.1; *see* Fed. R. App. P. 40(b)(2).  Its question presented will virtually never be dispositive because of the wide discretion granted to district courts, their near-universal compliance with Rule 24(c)(1), and the difficulty the government would have to establish harmlessness under Rule 52(a).  And there is no conflict between the panel decision and binding precedent—from any Court—on Rule 52(a). The petition should be denied.

# BACKGROUND

After Dr. Brian Carpenter's criminal trial began, the district court received an email from a school principal stating that a juror was "the only seventh grade math teacher" at the school and that "having her out for two weeks will put them in a bind." ROA.25342-43; *see* Panel.Op.13. The juror had not herself raised this issue or asked to be excused from jury service, and she was not "unable to perform" or "disqualified from performing" her duties. Fed. R. Crim. P. 24(c)(1). The district court nonetheless dismissed the juror over Carpenter's objection. Panel.Op.14. Still, the court "wait[ed] until the end of the day" in the case of "some sort [of] medical emergency with another juror," thus making clear that it would retain the juror if such an emergency arose. ROA.25412-13; *see* Panel.Op.14. Then it "thank[ed] [the juror] for paying attention," dismissed her, and replaced her with an alternate juror. Panel.Op.14; *see* ROA.25627-29. Carpenter was later found guilty of healthcare fraud and conspiracy to commit healthcare fraud. Panel.Op.1.

Post-trial, Carpenter renewed his objection. *See* ROA.1020-21; ROA.1107-09. Carpenter argued that the juror's dismissal violated Rule 24(c)(1) because the juror was able and qualified to perform her duties, and that removing the juror "for a legally irrelevant reason" is presumptively prejudicial under this Court's precedent. ROA.1020 (quoting *United States v. Pruett*, 681 F.3d 232, 247 (5th Cir. 2012)).

In opposition, the government argued that that the court "appropriately excused the juror for undue hardship." ROA.1071-72. As to prejudice, the government did not address the "legally irrelevant reason" standard or Rule 52(a), which requires the government to prove that any trial error was harmless beyond a reasonable doubt. *See Olano*, 507 U.S. at 741. Instead, it asserted that *Carpenter* had not "demonstrated any bias or prejudice resulting from her dismissal." ROA.1071-72. The district court's post-trial ruling agreed, holding that "Carpenter has made no case for prejudice from this decision, nor can he." ROA.1124.

Carpenter renewed his challenge to the improper juror dismissal on appeal. Opening Br. ("OB") 54-56; *see also* Reply Br. ("RB") 23-28. This time, the government briefly mentioned the "'legally irrelevant reason'" standard before claiming that Carpenter bore the burden of showing "actual, demonstrable prejudice" to obtain relief for a Rule 24(c)(1) error. Gov't Br. ("GB") 50-52. Once again, the government did not mention Rule 52(a) as a basis to reject Carpenter's appeal, either in its brief or at argument. *See* GB.46-52.

The panel vacated Carpenter's convictions and remanded for a new trial, applying this Court's longstanding rule that a district court's erroneous dismissal of a juror under Rule 24(c)(1) is "presumpti[vely]" prejudicial "'when a juror is discharged without factual support or for a legally irrelevant reason.'" Panel.Op.16-17 (quoting *Huntress*, 956 F.2d at 1312). The majority concluded that "nothing in

the record indicates that the juror was herself unable to perform her duties or was impaired in doing so" and that "the [district] court necessarily recognized that the juror *was* able to perform when it kept her on for the rest of the day." Panel.Op.17-18.

The majority then found that the district court dismissed the juror based on a "legally irrelevant reason." Panel.Op.18-19. It emphasized that "this case is an outlier" because "[n]othing in the record even implicitly supports that this juror was impaired or unable to perform her duties." Panel.Op.19. In a footnote, the Court flagged a perceived tension between the presumed-prejudice rule and Rule 52(a), under which "[a]ny error … that does not affect substantial rights must be disregarded." Fed. R. Crim. P. 52(a); Panel.Op.20 n.7. Judge Ho dissented. Panel.Op.21-22.

## ARGUMENT

## I.    THE GOVERNMENT'S RULE 52 ARGUMENT IS WAIVED

"The maxim is well established in this circuit that a party who fails to make an argument before either the district court or the original panel waives it for purposes of en banc consideration." *Miller v. Tex. Tech Univ. Health Scis. Ctr.*, 421 F.3d 342, 349 (5th Cir. 2005) (en banc); *see also, e.g.*, *United States v. Hernandez-Gonzalez*, 405 F.3d 260, 262 (5th Cir. 2005) (per curiam) (same point). Here, the only issue the government raises for rehearing is whether Rule 52(a) applies to a

district court's error in dismissing an empaneled juror under Rule 24(c)(1). Pet.1. The government failed to invoke Rule 52(a) to the district court or to the panel, and it is not entitled to a do-over en banc.

The waiver here was blatant. At no point before the district court or this Court did the government ever invoke Rule 52(a) as a basis for upholding Carpenter's convictions. Carpenter repeatedly cited this Court's presumed-prejudice rule. *See* ROA.1020-21; ROA.1107-09; OB.54-56 RB.26-28. And though the government responded at length to Carpenter's argument about Rule 24(c)(1), it *nowhere* mentioned Rule 52 in any of its briefing. *See* ROA.1071-72; GB.46-52. Nor did it address Rule 52 at oral argument, even after Judge Higginson raised the issue with Carpenter's counsel. Further underscoring the waiver, the government's panel brief cited only *one* of the cases now appearing in its rehearing petition—and not for anything having to do with Rule 52, *see* GB.48, 50 (citing *United States v. Rodriguez*, 573 F.2d 330 (5th Cir. 1978)). The Rule 52(a) argument is brand new.

Instead of invoking Rule 52(a), the government's strategy—until now—has been to try to flip the burden of proof and demand that *Carpenter* show "actual, demonstrable prejudice" to obtain relief from the Rule 24(c)(1) error. GB.51; *see also* GB.50-52; ROA.1071-72. That is fundamentally at odds with its new Rule 52(a) argument. As the government now concedes, Rule 52(a) requires *the*

*government* to show that an error is *not* prejudicial. *Olano*, 507 U.S. at 741; Pet.5, 9.

"Having tried and appealed its case on one theory, an unsuccessful party may not then use a petition for rehearing as a device to test a new theory." *United States v. Sutherland*, 428 F.2d 1152, 1158 (5th Cir. 1970) (per curiam). Enforcing the waiver rule is especially justified where—as here—a party has invited error by persuading the district court to embrace a legal test that the party later seeks to abandon on appeal. ROA.1124 (requiring Carpenter to show prejudice at government's request); ROA.1071-72; *see United States v. Lerma*, 877 F.3d 628, 632 (5th Cir. 2017).

The government is a stickler for waiver rules when they disadvantage criminal defendants (including Carpenter). *See, e.g.*, GB.15-21. But those rules apply to everyone. This Court should enforce the government's waiver and deny the petition.[1]

---

[1] The majority's footnote raising Rule 52(a) cannot excuse the government's waiver. *Atwater v. City of Lago Vista*, 195 F.3d 242, 245 n.3 (5th Cir. 1999) (en banc) (holding that party "waived her right to pursue [an] issue" en banc even though "the panel considered this argument *sua sponte*").

## II.    THE PANEL'S DECISION IS CORRECT

This Court's rule presuming prejudice for a Rule 24(c)(1) juror-dismissal error is correct because (1) that error is structural (and thus satisfies Rule 52), and (2) the government cannot show harmlessness under Rule 52(a) as a practical matter.

1.    Presuming prejudice is consistent with Rule 52(a) because Rule 24(c)(1) errors are structural.    Rule 52(a) states that "[a]ny error … that does not affect substantial rights must be disregarded."  Fed. R. Crim. P. 52(a).  In most cases, that "means that the error must have been prejudicial," and under Rule 52(a), courts normally engage in a harmless-error inquiry to assess prejudice.  *Olano*, 507 U.S. at 734.  But "structural" errors "'defy analysis by "harmless-error standards,"'" *United States v. Gonzalez-Lopez*, 548 U.S. 140, 148-49 (2006), and "might 'affec[t] substantial rights' regardless of their actual impact," *United States v. Marcus*, 560 U.S. 258, 263 (2010); *see also Olano*, 507 U.S. at 737; *United States v. Jacquez*, 212 F.3d 595, 2000 WL 423358, at *2 (5th Cir. 2000) (noting structural errors can "satisf[y]" Rule 52).

The Supreme Court has made clear an error counts as structural if (1) "the effects of the error are simply too hard to measure," or (2) "the right at issue is not designed to protect the defendant from erroneous conviction but instead protects some other interest."  *Weaver v. Massachusetts*, 582 U.S. 286, 295 (2017).  A Rule 24(c)(1) juror-dismissal error is structural under each rationale.

*First*, a Rule 24(c)(1) error carries "consequences [for the trial] that are necessarily unquantifiable and indeterminate." *Gonzalez-Lopez*, 548 U.S. at 150. The composition of the jury—like the identity of counsel—"bears directly on the 'framework within which the trial proceeds,'" and it is "impossible to know" how an improperly dismissed juror would have reacted to the evidence and impacted deliberations. *Id.* Other jury-related errors have been found structural on this basis. *See id.* at 149 n.4 (collecting cases); *Sullivan v. Louisiana*, 508 U.S. 275, 281 (1993) (noting "jury guarantee [is] a 'basic protectio[n]' whose precise effects are unmeasurable"). The same rationale applies here.

*Second*, the rights protected by Rule 24(c)(1) are "not designed to protect the defendant from erroneous conviction," and they involve "interests that do not belong to the defendant." *Weaver*, 582 U.S. at 295, 298. Rule 24(c)(1) safeguards a defendant's "'valued right to have his trial completed by a particular tribunal'"— i.e., the empaneled jury that is seated when the trial begins. *Crist v. Bretz*, 437 U.S. 28, 36 (1978). That right has "roots deep in the historic development of trial by jury," founded on "a strong tradition that once banded together a jury should not be discharged until it had completed its solemn task of announcing a verdict," and is "within the protection of the constitutional guarantee against double jeopardy." *Id.* As to this right, a defendant might—or might not—be better off by having the originally seated jury decide his case, depending on whether (and how strongly) the

erroneously dismissed juror favored conviction.  But like the right to conduct one's own defense, which may "'increase[] the likelihood of a trial outcome unfavorable to the defendant,'" "harm is irrelevant to the basis underlying" this right.  *Weaver*, 582 U.S. at 295.

Rule 24(c)(1) also protects *the juror's* rights.  "[W]ith the exception of voting, for most citizens the honor and privilege of jury duty is their most significant opportunity to participate in the democratic process." *Powers v. Ohio*, 499 U.S. 400, 407 (1991).  Rule 24(c)(1) prevents jurors from being wrongly stripped of that privilege, "protect[ing] some interests that do not belong to the defendant." *Weaver*, 582 U.S. at 298.  Just like the public-trial right, which "protects the rights of the public at large … as well as the rights of the accused," preventing an erroneous juror dismissal safeguards the juror's rights and "furthers interests other than protecting the defendant against unjust conviction." *Id.* at 298-99.  That is yet another reason to find that this error affects substantial rights under Rule 52(a).

2.  Even if a Rule 24(c)(1) error were not structural, this Court's presumption of prejudice remains a proper application of Rule 52(a).  Under Rule 52(a), the government bears the burden "of showing the absence of prejudice," *Olano*, 507 U.S. at 741—i.e., "showing that an error was harmless beyond a reasonable doubt," *United States v. Chon*, 713 F.3d 812, 821 (5th Cir. 2013).  It cannot carry that burden in cases like this one, involving improper dismissal of a juror under Rule 24(c)(1).

To show the absence of prejudice, the government would have to prove a negative: that there was no difference between the dismissed juror and her replacement.    But—as Justice Kennedy correctly recognized in *Olano*—the government should lose in a Rule 24(c) case when the error is preserved and subject to Rule 52(a).  507 U.S. at 742.  In *Olano*, the trial court violated Rule 24(c) by allowing alternate jurors to be present during jury deliberations.  The Supreme Court held that there was not "plain error" under Rule 52(b) because the defendants failed to "persuade the appellate court that the deviation from Rule 24(c) was prejudicial." 507 U.S. at 737, 741.  But as Justice Kennedy made clear, if the defendants had properly preserved their challenge, it would be "most difficult for the Government to show the absence of prejudice, which would be required to avoid reversal of the conviction under Rule 52(a)."  *Id.* at 742.

That logic applies even more strongly to the situation here in Carpenter's case, where the alternate actually replaced the erroneously dismissed juror.    It is impossible "to know how the jury's deliberations may have been affected" by that change.  *Id.*  Precisely because the "effects of the error are simply too hard to measure," the government will "find it almost impossible to show that the error was 'harmless beyond a reasonable doubt.'"  *Weaver*, 582 U.S. at 295-96.  So presuming prejudice makes perfect sense.

10

This case shows why the government cannot prove harmlessness under Rule 52(a).    The government primarily contends that the dismissed juror and her replacement were "identically situated."    Pet.6, 9, 11.    But no two people are identical, and this assertion is not proof that they would have seen the evidence the same way or voted to convict.    Criminal juries often hang.    *See, e.g.*, *United States v. Auzenne*, 30 F.4th 458, 462 (5th Cir. 2022).    And this Court has recognized that "reasonable and fair-minded jurors in the exercise of impartial judgment might reach different conclusions" when presented with the same evidence.    *Maddux v. Officer One*, 90 F. App'x 754, 774 (5th Cir. 2004).    Indeed, that recognition is the basis for denying judgment as a matter of law in civil cases.    *See, e.g.*, *Holmes v. Reddoch*, 117 F.4th 309, 315 (5th Cir. 2024).    Merely asserting that removing a juror does no harm is not enough to discharge the government's burden of "showing the absence of prejudice" beyond a reasonable doubt.    *Olano*, 507 U.S. at 741.    The government cannot satisfy its Rule 52(a) burden.

Both because a Rule 24(c)(1) error is structural and because the government cannot show harmlessness under Rule 52(a), this Court's rule presuming prejudice is correct, and the petition should be denied.

## III.    RULE 40'S EN BANC REHEARING STANDARD IS NOT SATISFIED

Even if this Court has doubts about the presumed-prejudice rule, it should nonetheless deny rehearing.    That rule has now been used to overturn a criminal

11

conviction only twice in 50 years; it is unlikely to have ongoing practical significance and is not a matter of "exceptional importance" under Federal Rule of Appellate Procedure 40(b)(2)(D). Nor is there any conflict with Supreme Court or circuit precedent warranting review under Rule 40(b)(2)(A)-(C).

## A.    The Presumed-Prejudice Rule Makes No Difference In Practice

The issue presented here rarely arises and has never been dispositive. As far as Carpenter knows, there is only one other instance in nearly 50 years that this Court has applied its presumed-prejudice rule to overturn a criminal conviction based on a juror-dismissal error. *See United States v. Ramos*, 801 F. App'x 216, 223 (5th Cir. 2020). And in that case—like this one—the government could not have proved harmlessness beyond a reasonable doubt. *Supra* 10-11.

Cases so rarely turn on the presumption of prejudice because district courts almost always follow Rule 24(c)(1) and dismiss only seated jurors who are "unable to perform or who are disqualified from performing their duties." *See* Panel.Op.19 n.6 (collecting cases). Indeed, district courts have substantial discretion to determine whether a juror is unable to continue serving, consistent with Rule 24(c)(1). *See Rodriguez*, 573 F.3d at 332. And courts have even more discretion in excusing potential jurors during voir dire. 28 U.S.C. § 1866(c); *see* Panel.Op.15.

This is the "outlier" case in which a district court actually violated Rule 24(c)(1). Panel.Op.19. Here, a third party requested the dismissal of a juror, the

court never examined that juror's ability to perform her duties, and the court "necessarily recognized that the juror *was* able to perform when it kept her on for the rest of the day." Panel.Op.16-18. That sort of error virtually never happens—and may not *ever* recur, given the panel's helpful clarification of Rule 24(c)(1)'s standard for dismissing jurors mid-trial. Panel.Op.15-17.

Moreover, the government's Rule 52(a) theory is unlikely to make a difference even if a district court does somehow violate Rule 24(c)(1) in a future case. As explained above, it will be virtually impossible for the government to bear its burden of showing harmlessness. *Supra* 10-11. As a practical matter, the difference between a conclusive presumption (under this Court's current rule) and a rebuttable presumption (under the government's new Rule 52(a) theory) is zero.

For these reasons, this Court should reject the government's policy concerns and speculative claim that presuming prejudice "may" prove "especially costly" and "disproportionately affect the longest, most complex trials." Pet.12-14. A rule without any real-world impact does not warrant en banc review.

### B.     The Panel's Opinion Does Not Conflict With Relevant Precedent From The Supreme Court, This Court, Or Other Circuits

The presumed-prejudice rule is fully consistent with governing precedent from this Court and the Supreme Court. And no other circuit has embraced the government's new Rule 52(a) theory.

1.  The government claims (at ii, 7-11) that the panel opinion conflicts with two decisions from the Supreme Court and one prior decision of this Court.  Not so.  None of the government's cases addressed Rule 52(a); they instead involved waived objections and plain-error review under Rule 52(b).

The government first invokes *Greer v. United States* to argue that the class of structural errors is "definitively closed" or at least "reserved for only those '*necessarily*' fundamental defects."  Pet.8 (quoting 593 U.S. 503, 513 (2021)).  But the government pulls the "only" out of thin air, as *Greer* nowhere walks back *Weaver*'s statement that structural errors can exist if they are difficult to measure or protect other interests.  *Greer* in fact implicitly acknowledges as much when it mentions the "'denial of counsel of choice'" and the "'denial of a public trial'" as structural errors.  593 U.S. at 513; *see Weaver*, 582 U.S. at 295-99.  Moreover, in *Gonzalez-Lopez*, the Supreme Court expressly rejected the government's argument (at 7-8) that "*only* those errors that *always* or *necessarily* render a trial fundamentally unfair and unreliable are structural."  548 U.S. at 149 n.4.  The Court correctly described that argument as "inconsistent with the reasoning of [the Court's] precedents" on structural error.  *Id.*

The government also points to *Olano*.  *Olano* focused on the defendants' failure under Rule 52(b) to "persuade the appellate court that the deviation from Rule 24(c) was prejudicial."  507 U.S. at 737, 741.  Carpenter's case is different because

he objected to the Rule 24(c)(1) error, bringing him within Rule 52(a)—under which the government "bears the burden" to show the *absence* of prejudice. *Id.* at 734. *Olano* recognized that who bears the burden is an "important difference" and expressly reserved "[w]hether the Government could have met its burden of showing the absence of prejudice[] under Rule 52(a)." *Id.* at 734, 741. As noted above, Justice Kennedy concurred to emphasize that it would be "most difficult for the Government to show the absence of prejudice" as required by Rule 52(a). *Id.* at 742. And beyond that, the rights at issue in *Olano* were different: Allowing alternates to sit in on deliberations neither affects the composition of a jury nor discharges a seated juror. *See supra* 9-10. The government is wrong (at 10) that "[n]o principled basis" exists to distinguish *Olano*.

2. The government also asserts a conflict with this Court's decision in *United States v. Webster*, which (1) held that a district court violated an old version of Rule 24(c) by not dismissing an alternate juror at the end of the guilt phase of a capital trial, but (2) affirmed a conviction because the defendant "did not suffer prejudice." 162 F.3d 308, 346-47 (5th Cir. 1998); *see* Pet.10-11. While *Webster* did not mention Rule 52, it was clearly a Rule 52(b) case. The decision turned primarily on the fact that the defendant "did not object" to the error, noting that "*[w]hen the defendant has waived an objection* … an error alone does not warrant reversal; we also review for prejudice." 162 F.3d at 347 (emphasis added). *Webster* did not consider whether

15

the government could show—under Rule 52(a)—the absence of prejudice from a Rule 24(c)(1) error.  There is no conflict here.

3.  Finally, the government is wrong to allege a circuit split on its Rule 52(a)-focused question presented.  None of the government's nine cases (at 11-12) addresses the interaction between Rule 24(c)(1) and Rule 52(a).  In fact, none even mentions Rule 52(a).

The government also wrongly contends that "[e]very other court of appeals to have addressed the question" has required "a showing of actual prejudice" for a Rule 24(c)(1) error and that "this Court stands alone."  Pet.11-12.  In fact, several other circuits have echoed this Court, stating that prejudice is found when a Rule 24(c)(1) dismissal is "without 'factual support, or for a legally irrelevant reason.'"  *United States v. Purdy*, 144 F.3d 241, 247 (2d Cir. 1998); *United States v. Fattah*, 914 F.3d 112, 151 (3d Cir. 2019); *United States v. Ozomaro*, 44 F.4th 538, 543-44 (6th Cir. 2022).  The D.C. Circuit also rejected an actual-prejudice standard, noting that if a defendant "must show a specific prejudice," Rule 24(c)(1) "would be entirely precatory."  *United States v. Donato*, 99 F.3d 426, 430 (D.C. Cir. 1996).

The government points to dubious language in a handful of its circuit cases arguably putting the burden on the defendant to show prejudice from a Rule 24(c)(1) error, even when the defendant has properly objected.  Pet.11-12 & n.5 (citing cases).  But as noted, those cases did not address Rule 52(a).  And their approach is flatly

inconsistent with that rule, which puts the burden on the government. *Olano*, 507 U.S. at 734-35. Indeed, the government now (belatedly) concedes that *it* has the burden of showing the absence of prejudice. Pet.5, 9. This Court should not grant rehearing based on a purported conflict with out-of-circuit cases that all agree apply the wrong prejudice rule.[2]

## CONCLUSION

The petition should be denied.

Dated: September 2, 2025

Respectfully submitted,

 /s/ Roman Martinez
Roman Martinez
Alexander G. Siemers
LATHAM & WATKINS LLP
555 Eleventh Street, NW
Suite 1000
Washington, DC 20004
(202) 637-2200
roman.martinez@lw.com

*Counsel for Defendant-Appellant Brian Carpenter*

---

[2] Carpenter raised multiple alternative grounds to vacate his convictions. *See* OB.1-2 (presenting issues). If the Court grants rehearing, Carpenter reserves the right to argue those issues. *Cf.* 5th Cir. R. 41.3.

**CERTIFICATE OF SERVICE**

I hereby certify that on September 2, 2025, the foregoing document was electronically filed with the United States Court of Appeals for the Fifth Circuit through the Court's CM/ECF system. All parties are represented by registered CM/ECF users and will be served by the CM/ECF system.

*/s/ Roman Martinez*
Roman Martinez

**ECF CERTIFICATION**

I hereby certify (i) the required privacy redactions have been made pursuant to Fifth Circuit Rule 25.2.13; (ii) the electronic submission is an exact copy of the paper document pursuant to Fifth Circuit Rule 25.2.1; and (iii) the document has been scanned for viruses using Microsoft Defender and is free of viruses.

Dated: September 2, 2025        */s/ Roman Martinez*
Roman Martinez

## CERTIFICATE OF COMPLIANCE

This document complies with the type-volume limitations of Federal Rule of Appellate Procedure 32(a)(7)(B) because it contains 3,894 words, excluding the parts exempted by Federal Rule of Appellate Procedure 32(f) and Fifth Circuit Rule 32.2.

This document complies with the typeface requirements and type-style requirements of Federal Rule of Appellate Procedure 32(a) because it has been prepared in a proportionally spaced typeface using Microsoft Word in 14-point Times New Roman.

Dated:  September 2, 2025                    */s/ Roman Martinez*
                                             Roman Martinez